IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK S. ALLEN,                                    No. CIV S-04-0322-LKK-CMK

    Plaintiff,

  vs.                                                          ORDER

MATTIE MAYHEW,[1] et al.,

    Defendants.

_____/

        Plaintiff, who is proceeding pro se,[2] brings this civil action for damages.  On February 9, 2005, this court entered judgment dismissing all of plaintiff's claims as against all defendants.  Plaintiff appealed.  On September 29, 2006, the Ninth Circuit Court of Appeals issued an opinion affirming in part, vacating in part, and remanding for further proceedings.  See Allen v. Gold Country Casino, 464 F.3d 1044 (9th Cir. 2006).  In particular, the Ninth Circuit affirmed this court's dismissal of defendants Gold Coast Casino and The Berry Creek

---

[1] Pursuant to the court's February 9, 2005, judgment, which was affirmed by the Ninth Circuit Court of Appeals as to dismissal of defendants Gold Coast Casino and The Berry Creek Rancheria of Tyme Maidu Indians, the only remaining named defendant is Mattie Mayhew.  The Clerk of the Court is directed to terminate all other named defendants and to update the docket to reflect that defendant Mayhew is the lead defendants.

[2] While it appears that plaintiff was represented by counsel in the Ninth Circuit, no attorney has appeared on his behalf in this court.  If plaintiff has retained counsel to continue to represent him in this action, a substitution of attorneys should be filed.

Rancheria of Tyme Maidu Indians based on sovereign immunity. The Ninth Circuit, however, vacated the portion of the court's judgment dismissing all remaining defendants for failure to state a claim and remanded to allow plaintiff an opportunity to file an amended complaint. The Ninth Circuit held:

> Although the issue is not free from doubt, we conclude that the district court erred in its dismissal of the remainder of the complaint on the ground that it presented no federal claims against Mayhew and the unnamed defendants. Allen's pro se pleadings are unquestionably difficult to decipher, but they must be liberally construed. See <u>Ortez v. Washington County</u>, 88 F.3d 804, 807 (9th Cir. 1996). In his response to the defendants' motion to dismiss, Allen explained that he was asserting against all defendants a claim under 42 U.S.C. § 1985. He also accused all defendants except Mayhew of violating 42 U.S.C. § 1981. Giving Allen the benefit of the doubt, we conclude that he should be given the opportunity to amend his complaint to assert these two claims intelligibly. We express no opinion, of course, on the procedural or substantive merits of the claims beyond permitting Allen to assert them.

<u>Id.</u> at 1048.

In light of the Ninth Circuit's remand, the court will now provide plaintiff an opportunity to file a second amended complaint.[3] Plaintiff is warned that failure to file a second amended complaint within the time provided in this order may be grounds for dismissal of this action. <u>See</u> Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall file a second amended complaint within 30 days of the date of this order.

DATED: June 4, 2007.

                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff filed a first amended complaint as of right on March 22, 2004.