IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK S. ALLEN,                                    No. CIV S-04-0322-LKK-CMK

    Plaintiff,

  vs.                                                          ORDER

MATTIE MAYHEW, et al.,

    Defendants.

_____/

        Plaintiff brings this civil action pursuant to 42 U.S.C. §§ 1981 and 1985. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

        On January 28, 2008, the magistrate judge filed findings and recommendations (Doc. 46) herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within 20 days. Objections to the findings and recommendations have been filed.

        In his objections, plaintiff identifies a typographical error in the findings and recommendations which excluded defendant Mike Hendrick from explicit disposition. The findings and recommendations found that plaintiff states a claim against defendants Mattie

1

Mayhew, Hatley, Brown and Steele under § 1981, but failed to do so against any other defendant. It is clear from the discussion regarding plaintiff's failure to state a § 1981 claim against the remaining defendants that defendant Mike Hendrick was among the other defendants which plaintiff attempted to state a § 1985 claim against, not a § 1981 claim. Therefore, defendant Hendrick is treated the same as the other defendants, and is dismissed from this action without prejudice.

Defendants raise two arguments in their objections which need to be specifically addressed. The first is that sovereign immunity should apply to all agents and employees of the tribe and not just tribal counsel members. Defendants try to distinguish this court's decision in Baugus v. Brunson, 890 F. Supp. 908 (E.D. Cal. 1995). Defendants claim that the civil rights claims raised in Baugus are different from those raised in this case because in this case plaintiff was an employee of the tribal casino and the individuals he is suing were members of the same tribe. Defendants' arguments are similar to those relating to plaintiff's § 1981 claims in that they are arguing that this case is really a wrongful termination case under Title VII of the Civil Rights Act. (See discussion below.) However, reading the second amended complaint liberally as the court must with a plaintiff proceeding in propria persona, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the court finds that plaintiff has pleaded sufficient facts to raise a claim under § 1981 separate from any claim he may have attempted to raise in his original or first amended complaint for wrongful termination against the tribe or casino.[1]

This case is similar to Baugus in that plaintiff alleges specific wrongful acts on the part of individuals, motivated by plaintiff's race, regardless of their position with the tribe. Specifically, plaintiff alleges that Mattie Mayhew made false allegations against him, that Kirby

---

[1] The second amended complaint supersedes any previously filed complaints, and the previously filed complaints are treated as non-existent. See Forsyth v. Humana, Inc. 114 F.3d 1467, 1474 (citing Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, it does not matter to the court what claims were raised in plaintiff's original or first amended complaint. In determining whether or not to grant a motion to dismiss, the court looks only at the operative complaint, here plaintiff's second amended complaint.

1 Brown and Art Hatley investigated those allegations, and that Terrilyn Steele violated a contract.
2 These actions are separate and distinct from any action on the part of the tribe or casino.

3       Defendants also argue that plaintiff's § 1981 claims are actually claims under
4 Title VII of the Civil Rights Act, and that Indian tribes, officials and employees are specifically
5 exempt from Title VII. They claim that plaintiff is trying to circumvent this exemption in Title
6 VII by attempting to state a claim under § 1981. To support this argument, defendants cite
7 Taylor v. Alabama Intertribal Council, 261 F.3d 1032 (11th Cir. 2001). In Taylor, the Eleventh
8 Circuit found that plaintiff could not circumvent the exemption of Indian tribes from Title VII
9 cases by naming individual defendants in a § 1981 case. However, the defendant in Taylor was
10 the employer, the Alabama Intertribal Council and two of its board members, and the court was
11 concerned about the plaintiff bringing an racial disparate treatment claim. Specifically, the court
12 stated "it would be wholly illogical to allow plaintiffs to circumvent the Title VII bar against
13 race discrimination claims based on a tribe's Indian employment preference programs simply by
14 allowing a plaintiff to style his claim as § 1981 suit." Taylor, 261 F.3d at 1035.

15       In this case, plaintiff has stated a claim against four individuals, two of which are
16 employees of the tribe and one who is a tribal member. These claims are based on alleged
17 wrongdoing of the individual, not the actions of the tribe. Defendants do not cite the court to any
18 case which bar actions against individuals, who may be tribal members or tribal employees, for
19 the alleged individual wrongdoing. The cases defendants cite all involve cases against tribes, or
20 individuals' action on behalf of a tribe. Here, plaintiff alleges specific actions on the part of
21 certain defendants which, regardless of the actions of the casino or tribe, state a claim under §
22 1981. Therefore, the court does not find that plaintiff's complaint is really a Title VII complaint
23 in disguise, and plaintiff should be allowed to proceed on his § 1981 claims.

24       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-
25 304, this court has conducted a de novo review of this case. Having carefully reviewed the
26 entire file, the court finds the findings and recommendations to be supported by the record and

by proper analysis.

    Accordingly, IT IS HEREBY ORDERED that:

    1. The findings and recommendations filed January 28, 2008, are adopted;

    2. The motion to dismiss (Doc. 42) is granted in part and denied in part;

    3. The motion to dismiss for lack of subject matter jurisdiction is granted as to defendants Edwards, Armus, Chase and Mix;

    4. The motion to dismiss plaintiff's claims under 42 U.S.C. § 1981 is denied;

    5. The motion to dismiss plaintiff's claims under 42 U.S.C. § 1985 is granted;

    6. The motion to dismiss for failure to properly serve defendants is granted as to all defendants except Mattie Mayhew;

    7. Defendants Edwards, Armus, Chase and Mix are dismissed with prejudice as protected under tribal immunity;

    8. Defendants Boulton, Martin, Sandusky, Ricky Mayhew, Harter, White, Hernandez, and Hendrick are dismissed without prejudice for failure to state a claim;

    9. Plaintiff is granted leave to file a third amended complaint to attempt to link defendants Boulton, Martin, Sandusky, Ricky Mayhew, Harter, White, Hernandez, and Hendrick to his claims under 42 U.S.C. § 1981 within 30 days of service of this order;

    10. If plaintiff decides to stand on his second amended complaint, this action will proceed against defendants Mattie Mayhew, Kirby Brown, Art Hatley, and Terrilyn Steele based on a violation of 42 U.S.C. § 1981 only;

    11. Plaintiff is required to effect proper service of process as to all defendants. If plaintiff decides to stand on his second amended compliant, he is required to properly serve defendants Brown, Hatley and Steele; if plaintiff files a third amended complaint, he will be required to properly serve all of the named defendants;

    12. If plaintiff decides to stand on his second amended complaint, once proper

4

1 service of process has been completed, the remaining defendants are order to file a responsive
2 pleading within 20 days of service; and
3       13.    This matter is referred back to the magistrate judge for further
4 proceedings.
5   DATED: March 14, 2008.

```
                    /s/ Lawrence K. Karlton
                    LAWRENCE K. KARLTON
                    SENIOR JUDGE
                    UNITED STATES DISTRICT COURT
```