IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK S. ALLEN,                                No. CIV S-04-0322-LKK-CMK

    Plaintiff,

  vs.                                                    ORDER

MATTIE MAYHEW, et al.,

    Defendants.

_____/

        Plaintiff, proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1981. Following an order granting in part defendants' motion to dismiss, plaintiff filed a notice of an interlocutory appeal. This appeal has been dismissed for lack of jurisdiction by the United States Court of Appeals for the Ninth Circuit. Accordingly, this court now has jurisdiction to proceed with this matter.

        In granting the defendants' motion to dismiss in part, the court dismissed plaintiff's claims against defendants Edwards, Armus, Chase and Mix, without leave to amend. The court also dismissed all of plaintiff's claims under 42 U.S.C. § 1985. Defendants Boulton, Martin, Sandusky, Ricky Mayhew, Harter, White, Hernandez, and Hendrick have been dismissed without prejudice for plaintiff's failure to state a claim against them. However, plaintiff has been

1

provided an opportunity to file a third amended complaint to attempt to state a claim under § 1981 against these defendants.  As this case now stands, plaintiff may proceed with his second amended complaint, as against defendants Mattie Mayhew, Kirby Brown, Art Hatley, and Terrilyn Steele, based on a violation of 42 U.S.C. § 1981.  Or, plaintiff may file a third amended complaint and attempt to state a claim under § 1981 against defendants Boulton, Martin, Sandusky, Ricky Mayhew, Harter, White, Hernandez, and Hendrick, as well as Mattie Mayhew, Brown, Hatley, and Steele .

       Plaintiff is once again informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  All claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff chooses to file a third amended complaint, the court cannot refer to any prior complaint in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.  If plaintiff chooses to file a third amended complaint, he will be limited to amending the complaint to try to link the named defendants to his claims under 42 U.S.C. § 1981.

       Plaintiff has also failed to properly serve the defendants in this case.  Plaintiff will be required to properly effect service of the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

       Plaintiff must now decide how he wishes to proceed in this matter.  If plaintiff decides to stand on his second amended complaint, he must notify the court of his intention within 20 days.  He must also properly serve the second amended complaint on defendants Brown, Hatley and Steele.[1]  If plaintiff decides to file a third amended complaint in an attempt to state a claim against the defendants under § 1981, he must do so within 20 days.  He will then

---

[1] Defendant Mattie Mayhew has been properly served with the second amended complaint.

2

need to properly serve all of the defendants.

        Accordingly, IT IS HEREBY ORDERED that:

        1.      Within 20 days of the date of service of this order, plaintiff must either:

            a.      file a notice that his intention is to stand on his second amended complaint; or

            b.      file a third amended complaint;

        2.      If plaintiff intends to stand on his second amended complaint, he must properly serve defendants Brown, Hatley and Steele;

        3.      If plaintiff files a third amended complaint, he must properly serve all of the defendants;

        4.      Plaintiff must file proof of proper service within 10 days of effecting service; and

        5.      Once the defendants have been served, they will have 20 days to file a responsive pleading.

DATED:  June 2, 2008

                                                                                 **CRAIG M. KELLISON**
                                                                                 UNITED STATES MAGISTRATE JUDGE