IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK S. ALLEN,                                No. CIV S-04-0322-LKK-CMK

    Plaintiff,

  vs.                                                ORDER

MATTIE MAYHEW, et al.,

    Defendants.

_____/

    Plaintiff, proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1981. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

    On February 20, 2009, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time. Both parties have filed objections to the findings and recommendations.[1]

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304,

---

[1] Defendants Mattie Mayhew and Ricky Mayhew filed timely objections. Plaintiff's objections to the findings and recommendations were not timely filed. However, the court has read and considered plaintiff's late objections, and finds that they do not warrant departure from the findings and recommendations of the magistrate judge.

1

this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.  Accordingly, the court adopts the findings and recommendations in full.  Nonetheless, in light of the extensive objections filed by the parties, the court summarizes the issues here.

**I. BACKGROUND**

Pending before the court is defendants' motion to dismiss plaintiff's Third Amended Complaint ("TAC").  The TAC alleges plaintiff was an employee of the Gold Country Casino, operated by the Berry Creek Rancheria of Tyme Maidu Indians ("Tribe").  While plaintiff was so employed, he took into his home three children, who were defendant Tasha Hernandez's children and defendants Mattie and Ricky Mayhew's grandchildren.  Plaintiff, who later petitioned the Tribe for tribal membership for these children, was told by the Indian Children Welfare Act representative, Ben Jiminez (not presently a party to this suit), that he would be reimbursed for his expenses regarding the children, and that he should not "go to the white man's court."  Despite this warning, plaintiff filed guardianship proceedings in the California state court in September 2003.

Following the filing of guardianship proceedings, Mattie Mayhew and Ricky Mayhew allegedly "file[d] false charges against plaintiff" with the casino (plaintiff's employer), and motivated by the facts "that plaintiff took the incident to court and that he is white." TAC 4:12-14.

Once these charges were filed, numerous other defendants employed by the casino knew that the charges were false but nonetheless participated in a process that led to plaintiff being wrongly fired.  This group of allegations pertains to defendants Boulton, Martin, Sandusky, White, Harter, Steele, Hedrick, Hatley and Brown.

The TAC names one final defendant, Hernandez, whom plaintiff alleges conspired with defendant Steele to take the children away from plaintiff.  Plaintiff does not allege any specific acts on Hernandez's part; he merely alleges that Hernandez knew of, and must have participated

in, the alleged conspiracy.

Plaintiff states that the TAC brings claims under "U.S. Code, Title 42; Section 1981(a) Equal Rights under The Law and Retaliation" and 18 U.S.C. §§ 1001(a)(1)-(3), (c)(1).

## II. DISCUSSION

**A.  Tribal Immunity**

The magistrate recommended dismissal of claims against Boulton, Martin, Sandusky, White, Harter, Steele, Hedrick, Hatley and Brown on the ground that the alleged conduct fell within these defendant's official capacity as employees of the casino, and that the defendants therefore enjoyed sovereign immunity.  In an earlier appeal in this case, the Ninth Circuit held that the casino at issue enjoyed the tribe's sovereign immunity.  <u>Allen v. Gold Country Casino</u>, 464 F.3d 1044, 1046 (9th Cir. 2006).  In a subsequent and separate case, the Ninth Circuit held that when "a tribal corporation[] [acts] as an arm of the tribe [and it] enjoy[s] the same sovereign immunity granted to a tribe itself," this immunity extends to "tribal employees acting in their official capacity and within the scope of their authority."  <u>Cook v. AVI Casino Enterprises, Inc.</u>, 548 F.3d 718, 725, 727 (9th Cir. 2008).  Pursuant to <u>Allen</u> and <u>Cook</u>, not all tribal businesses and corporations will function as "arms of the tribe," and as such, not all employees of such businesses will be entitled to tribal immunity.  In this case, however, the Ninth Circuit has specifically determined that the casino does exercise this function.

The magistrate then concluded that the above defendants' alleged acts occurred within the scope of their employment, whether that scope was defined by reference to the Restatement (Second) of Agency (used by the Ninth Circuit in determining scope of employment for federal RICO claims) or by reference to California's doctrine of respondeat superior.  The court adopts this analysis.

**B.  Plaintiff's 42 U.S.C. § 1981 Claim**

Defendants object to the findings and recommendations on the same grounds underlying their motion to dismiss.  They claim that plaintiff has not alleged any racial animus or overt acts

of discrimination, and that he has not alleged the elements necessary to state a claim for retaliation under § 1981, including that the retaliation was in response to a protected activity opposing an unlawful employment practice.

As noted above, plaintiff alleges that the Mayhew defendants acted because of the facts "that plaintiff took the incident to court and that he is white." TAC 4:12-14. The majority of plaintiff's complaint focuses on this first motivation, which implicates a claim for retaliation. Defendants correctly note that retaliation for this conduct would fall outside the scope of section 1981(a). Nonetheless, the fact that the TAC emphasizes the former allegation does not defeat the latter. Retaliation is only one way in which section 1981 liability can be established, and the fact that plaintiff has not alleged the elements of a retaliation claim does not preclude plaintiff from proceeding on other theories of liability, such as discrimination.

As the Magistrate Judge discussed, plaintiff is proceeding in pro per. As such, the court must read his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). In a motion to dismiss, the court construes all facts and allegations in the light most favorable to the plaintiff, and resolves all ambiguities or doubts in favor of the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Here, plaintiff sufficiently alleges the Mayhews' actions were motivated by the plaintiff's race. This allegation is made explicitly at one point in the complaint. Moreover, in light of the fact that plaintiff is not trained in the law, plaintiff's use of the term "retaliation" may be broader than the legal significance of the term, and can be interpreted as plaintiff's way of arguing that the defendants reacted to plaintiff in a discriminatory way.

Plaintiff's allegations are sufficient to put the defendants on notice that plaintiff is asserting a section 1981 claim against them and that the basis of the claim is that they conspired to have him fired because he is white. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) ("Specific facts are not necessary; the statement need only give the defendants fair notice of what the claim is and the grounds upon which it rests." (internal quotations omitted)).

4

## C. Remaining Issues

As to the remaining issues--plaintiff's ability to bring a claim under the criminal statute of 18 U.S.C. § 1001, plaintiff's claim against defendant Hernandez, and service of process upon the Mayhews--no further discussion of the Magistrate's findings and recommendations is necessary.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 20, 2009, are adopted in full;

2. The motion to dismiss (Doc. 60) is granted in part and denied in part;

3. The motion to dismiss for lack of subject matter jurisdiction over defendants Boulton, Martin, Sandusky, White, Harter, Steele, Hedrick, Hatley and Brown is granted, and the claims against them are dismissed with prejudice, as they are immune from suit under tribal immunity;

4. The motion to dismiss for failure to state a claim as against defendant Hernandez is granted, and the claims against her are dismissed without leave to amend;

5. The motion to dismiss for failure to state a claim as against defendants Mattie Mayhew and Ricky Mayhew is denied;

6. Any claim under 18 U.S.C. § 1001 is dismissed as plaintiff has no standing to bring such a claim;

7. The motion to dismiss for failure to effect proper service is granted;

8. Defendants Boulton, Martin, Sandusky, White, Harter, Steele, Hedrick, Hatley and Brown are dismissed from this action, and the Clerk of the Court is directed to terminate these defendants on the docket;

9. This case proceeds against defendants Ricky Mayhew and Mattie Mayhew under 42 U.S.C. § 1981 only;

10. Plaintiff is ordered to effect proper service, pursuant to Rules 4 and 5 of

1 the Federal Rules of Civil Procedure, against defendants Mattie Mayhew and Ricky Mayhew within 60 days of the date of this order;

11. Within 10 days after effecting proper service on defendants Mattie Mayhew and Ricky Mayhew, plaintiff shall file with the court the return of service for each defendant;

12. Once proper service of process has been completed, the remaining defendants shall file an answer within 20 days; and

13. Plaintiff's request for leave to amend is denied.

IT IS SO ORDERED.

DATED: March 27, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT