| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

MARK S. ALLEN,                                No. CIV S-04-0322-LKK-CMK

    Plaintiff,

  vs.                                                           FINDINGS AND RECOMMENDATIONS

MATTIE MAYHEW, et al.,

    Defendants.

_____/

        Plaintiff, proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1981. This case proceeds on Plaintiff's third amended complaint,[1] but has been limited to the claims raised under 42 U.S.C. § 1981, against Mattie Mayhew and Ricky Mayhew, on the basis that they filed false charges against him with his employer in order to have him fired because he is white. (See Doc. 78). All other claims and defendants have been dismissed.

        Pending before the court is Defendants' unopposed second motion to dismiss (Doc. 90), raising claims not previously addressed. A hearing on this motion was held October

---

[1] Plaintiff apparently served the defendants with a "clean" copy of his third amended complaint which contained only those remaining claims. This document has not been filed with the court, and the case proceeds on the third amended complaint on file with the court. (See Doc. 59).

1

29, 2009. Attorney Amit Kurlekar appeared telephonically for the defense. Plaintiff, proceeding in pro se, failed to appear.

## I. BACKGROUND

Plaintiff originally filed this action against Gold Country Casino ("Casino"), the Berry Creek Rancheria of Tyme Maidu Indians ("Tribe"), Mattie Mayhew and DOES. The defendants filed a motion to dismiss that complaint based on sovereign immunity which was granted and judgment was entered. On appeal, however, the Ninth Circuit Court of Appeal affirmed the judgment dismissing the claims against the Tribe and the Casino, but remanded the case to this court regarding the possibility of claims against the individual defendant Mayhew and the DOE defendants under 42 U.S.C. §§1981 and 1985. Plaintiff was provided an opportunity to file a second amended complaint, which was filed in July 2007. The defendants filed a motion to dismiss the second amended complaint which was granted in part and denied in part. (Docs. 46, 50).

Defendants' motion to dismiss the second amended complaint was granted as to defendants Edwards, Armus, Chase and Mix for lack of subject matter jurisdiction (immunity), as to plaintiff's claims under 42 U.S.C. § 1985, and for failure to properly serve all defendants except Mattie Mayhew. The motion was denied as to plaintiff's claims under 42 U.S.C. § 1981. Defendants Edwards, Armus, Chase and Mix were dismissed with prejudice as protected under tribal immunity. Defendants Boulton, Martin, Sandusky, Ricky Mayhew, Harter, White, Hernandez and Hedrick were dismissed without prejudice for failure to state a claim. Plaintiff was provided an opportunity to file a third amended complaint to attempt to link defendants Boulton, Martin, Sandusky, Ricky Mayhew, Harter, White, Hernandez and Hedrick to his claim under 42 U.S.C. § 1981. Plaintiff was also ordered to effect proper service of process on the defendants.

///

Plaintiff then filed his third amended compliant on June 17, 2008, naming Mattie Mayhew, Ricky Mayhew, Kirby Brown, Eleanor Boulton, Gus Martin, Brian Sandusky, Erin Harter, Ed White, Terrilyn Steele, Mike Hedrick, Art Hatley, Tasha Hernandez and Does 1 though 50 as defendants. The facts alleged in the third amended complaint are similar to those raised in the second amended complaint. Defendants filed a motion to dismiss the third amended complaint which was granted in part and denied in part. The motion to dismiss was granted as to defendants Kirby Brown, Eleanor Boulton, Gus Martin, Brian Sandusky, Erin Harter, Ed White, Terrilyn Steele, Mike Hedrick, Art Hatley, who were dismissed from this action with prejudice as protected under tribal immunity. It was also granted as to defendant Tasha Hernandez for failure to state a claim. The motion was denied as to defendants Mattie Mayhew and Ricky Mayhew only.[2] All other defendants have been dismissed from this action.

As to the two remaining defendants, reading Plaintiff's complaint liberally, he alleges that while he was an employee of the Gold Country Casino in 2003, he took the defendant Mayhews' grandchildren into his home. He later petitioned the Tribe for tribal membership for these children, and was told he would be reimbursed for his expenses regarding the children but was warned "not to go to the white man's court." However, despite this warning, Plaintiff filed guardianship proceedings in the California state court in September 2003. As a result, he contends defendants Mattie and Ricky Mayhew conspired together to file false allegations against him, with the intent to have his employment with the Casino terminated in retaliation for availing himself of the state court system and because he is white. He was subsequently terminated from his employment, allegedly due to these false allegations.

///

///

///

---

[2] Service was found to be inadequate as to Ricky Mayhew, and Plaintiff was ordered to effect proper service, which apparently has been accomplished.

3

## II. MOTION TO DISMISS

Defendants bring this motion to dismiss pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that plaintiff's third amended complaint fails to state a claim on which relief may be granted.

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Addressing the prior motion to dismiss, the undersigned found:

> Plaintiff's third amended complaint alleges his rights under 42 U.S.C. § 1981 were violated by the alleged false accusations Mattie and Ricky Mayhew made.[3] Reading the complaint liberally, plaintiff alleges these two defendants filed the false charges against him in retaliation of his utilizing the state courts, and in an attempt to have his employment with the Casino terminated because he is white. . . .
>
> Section 1981(a) states :
>> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kinds, and to no other.

///

---

[3] To the extent plaintiff continues to allege conspiracy, the court has previously found he does not have standing to bring an action under 42 U.S.C. § 1985 for conspiracy. Therefore, any claims plaintiff makes in relation to a conspiracy are disregarded.

> "The liability of an individual actor under section 1981 is established if, on the basis of race, he intentionally interferes with another's right 'to make and enforce contracts.' That individual may be liable regardless of whether the employer or anyone else may also be held liable." Kolb v. State of Ohio, Dept. of Mental Retardation, 721 F. Supp. 885, 891-92 (N.D. Ohio 1989) (citing Faraca v. Clements, 506 F.2d 956 (5th Cir. 1975); Coley v. M & M Mars, Inc., 461 F. Supp. 1073, 1076 (M.D. Ga. 1978)). "Although private actions under § 1981 which seek to vindicate the right to contract to earn a living have traditionally arisen out of an employment relationship, § 1981 has been applied where there is no direct employer/employee relationship but where the discriminating entity interfered with the plaintiff's ability to enter into an employment contract on the basis of race." Shirkey v. Eastwind Community Development Corp., 941 F. Supp. 567, 573 (D. Md. 1996) (citing Daniels v. Pipefitters' Assn. Local Union No. 597, 945 F.2d 906, 914-15 (7th Cir. 1991)); see also Al-Khazraji v. St. Francis College, 784 F.2d 505, 518 (3d Cir. 1986).
>
> Applying these standards to a liberal reading of plaintiff's allegations in the case at bar, this court cannot say that plaintiff could prove no set of facts entitling him to relief under § 1981. Plaintiff has alleged that the Mayhews intentionally interfered with his employment with the Casino based on his race. As courts have held, the individual defendants need not be in direct privity of contract with plaintiff to be liable and need only to have interfered with plaintiff's right to contract. Weighing a motion to dismiss, the question is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims" Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2007). Therefore, the motion to dismiss as to Mattie and Ricky Mayhew should be denied.

(See Doc. 75, at 16-17).

In the current motion, Defendants argue that Plaintiff cannot, as a matter of law, state a § 1981 claim against them because no employer-employee relationship ever existed between them and plaintiff.[4]

Defendants cite a number of Ninth Circuit cases in order to construct their argument. First, they cite to Metoyer v. Chassman, 504 F.3d 919 (9th Cir. 2007). In that case, a

---

[4] The court previously found no employer-employee relationship was necessary. Defendants argue, however, that they did not previously raise that specific issue, and address it more completely in the current motion.

terminated employee brought a § 1981 claim based on discrimination and retaliation against the employer. See id. at 923. They note the court's statement that § 1981 claims are examined under the same principles as those applicable in a disparate treatment action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. See id. at 930 (citing Fonseca v. Sysco Food Servs. of Ariz., Inc., 374 F.3d 840, 850 (9th Cir. 2004)). Next, defendants cite Surrell v. Cal. Water Serv. Co., 518 F.3d 1097 (9th Cir. 2008). In that case, an employee brought a § 1981 claim against the employer based on discrimination and retaliation. See id. at 1101. The court held that § 1981, like Title VII, protects against discrimination in the benefits, privileges, terms, and conditions of employment. See id. at 1103. Finally, defendants cite Gomez v. Alexian Bros. Hosp. of San Jose, 698 F.2d 1019 (9th Cir. 1983) (per curiam), in which the court noted that the guarantees of § 1981 and Title VII against racial discrimination in the workplace are coextensive. See id. at 1022 (citing London v. Coopers & Lybrand, 644 F.2d 811, 818 (9th Cir. 1981)). In that case, a doctor sued a prospective hospital employer alleging it rejected his employment because he is Hispanic. See id. at 1020.

Defendants' argument is essentially that § 1981 and Title VII are essentially identical and provide for the exact same protections. Apparently relying heavily on the court's use of the word "coextensive" in Gomez, defendants conclude that, because a Title VII action necessarily requires some kind of employer-employee relationship, so must a § 1981 action.

As discussed at the hearing, this argument appears to be flawed in that defendants read the scope of § 1981 too narrowly. Defendants are correct that Title VII only applies in the context of the employer-employee relationship and that such a relationship is required for an action under that statute. But, as the Ninth Circuit observed in Johnson v. Riverside Healthcare System, § 1981 is broader than Title VII in that it protects the right to make and enforce all contracts and to enjoy the benefits of all contractual relationships, "including the relationship between employer and employee." 534 F.3d 1116, 1122 (9th Cir. 2008). In other words, the employer-employee contractual relationship is but one of many contractual relationships

protected under § 1981.

Defendants also cite numerous Title VII and § 1981 cases in which the court has said that, if the basis of the § 1981 claim is employment discrimination, the requirements of a Title VII claim apply and conclude that this means that the scope of § 1981 is exactly the same as Title VII and not any greater. This is correct to the extent the claim is based on employment discrimination. In Gomez, the court said the statutes are "coextensive," but made that statement in the context of discussing the plaintiff's claims based on employment discrimination. See 698 F.2d at 1022. However, Johnson indicates that § 1981 applies in more contexts than just the employment context. See 534 F.3d at 1122. Defendants cite to no Ninth Circuit case which contradicts this reading of Johnson and specifically holds that the only type of contractual relationship covered by § 1981 is the employer-employee relationship.

Defendants were provided an opportunity to further brief the court as to the findings of Johnson, and have filed their supplemental brief. In the supplemental brief, Defendants reassert that their claim is not solely based on the failure of a direct employer relationship between themselves and Plaintiff, but the complete absence, direct or indirect, of any employer relationship between the parties. They argue that all of the cases related to this issue involve some kind of employment relationship between the parties, as does Johnson. Therefore, all of the cases support their position that some type of employment connection is necessary. The undersigned finds the defense reads these cases too narrowly.

In addition, Defendants had requested the court look closer at the Colorado District Court decision in Drake v. City and County of Denver, 953 F. Supp. 1150, 1158 (D. Colo. 1997). They argue that the Drake case is factually similar to the instant case in that the plaintiff therein had sued defendants with no decision-making authority. The Drake plaintiff brought that action under both Title VII and § 1981, claiming employment discrimination. The undersigned finds the Drake case unpersuasive for the position Defendants assert. While Defendants are correct that the court in Drake dismissed the employment discrimination claims

under § 1981 (as well as under Title VII) due to insufficient employment relationship, this holding does not preclude the claims alleged herein. The court in Drake stated "[t]he analysis of employment discrimination claims is the same whether brought under § 1981 or Title VII." 953 F. Supp. at 1158. Defendants would have this court conclude the same is true for any claim under § 1981. The undersigned does not read § 1981 so narrowly. Section 1981 applies to numerous situations, not just employment discrimination. See e.g., Tillman v. Wheaton-Haven Recreation Ass'n, Inc. 410 U.S. 431 (1973) (swimming club membership); Sud v. Import Motors Ltd., Inc., 379 F. Supp. 1064 (D.C. Mich. 1974) (sale of car dealership franchise); Rios v. Enterprise Ass'n Steamfitters Local Union No. 638 of U.A., 326 F. Supp. 198 (D.C.N.Y. 1971) (union membership). The claims raised in this case are not employment discrimination. Plaintiff's claims under § 1981 are not identical to any claim he might have tried to raise under Title VII. Here, again reading the complaint broadly, Plaintiff is claiming racial discrimination and interference with his right "to make and enforce contracts." The undersigned is not convinced that because the "contract" at issue related to Plaintiff's employment, this case is foreclosed due to the lack of employment relationship between the parties.

Defendants have not cited to any case which specifically concludes the claims raised herein fail to state a claim or that the only type of contractual relationship covered by § 1981 is the employer-employee relationship. As the court previously indicated, in relation to a motion to dismiss, the question is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2007). The undersigned cannot say, in response to a motion to dismiss, that Plaintiff is precluded from stating a claim under § 1981 due to the lack of an employment relationship between the parties. While he may not be able to prove the facts alleged, he should be provided an opportunity try to prove his rights were violated.

/ / /

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. The motion to dismiss (Doc. 90) be denied; and
2. Defendants be ordered to file an answer within 20 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE