# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK S. ALLEN,　　　　　　　　　　　　No. CIV S-04-0322-LKK-CMK

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　　ORDER

MATTIE MAYHEW, et al.,

　　　　Defendants.

_____/

　　　　Plaintiff, proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1981. Defendants have filed a notice of Plaintiff's death pursuant to Federal Rule of Civil Procedure 25(a)(1). They have also filed a request that the court take no action on their pending Motion to Dismiss until it is determined whether a successor will be substituted in the place of the decedent. In light of Defendants' suggestion of Plaintiff's death upon the record, Defendants' request is granted.

　　　　The court notes, however, that the suggestion of death filed with the court does not contain a proof of service. The party suggesting the death of another party must serve the suggestion of death on the other parties to the action and the nonparty successors or representatives of the deceased. See Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).

1

Service of the notice is required on all parties pursuant to Rule 5 and on nonparties pursuant to Rule 4. <u>See</u> Fed. R. Civ. Proc. 25(a)(3). Prior to dismissing an action for failure to substitute the proper party, proper notice must be provided. <u>See</u> <u>Barlow</u>, 39 F.3d at 233, Fed. R. Civ. Proc. 25 (requiring dismissal of action by the decedent if a motion to substitute is not filed within 90 days after service of the statement suggesting death). Defendants are therefore directed to serve the suggestion of death upon the record pursuant to Rule 25. <u>See</u> Fed. R. Civ. Proc. 25(a)(3).

SO ORDERED.

DATED: March 17, 2010

                                                                              _____
                                                                              **CRAIG M. KELLISON**
                                                                              UNITED STATES MAGISTRATE JUDGE