IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK S. ALLEN,                                      No. CIV S-04-0322-LKK-CMK

        Plaintiff,

    vs.                                                       FINDINGS AND RECOMMENDATIONS

MATTIE MAYHEW, et al.,

        Defendants.

_____/

        Plaintiff, proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1981. On March 8, 2010, Defendants filed a notice of Plaintiff's death pursuant to Federal Rule of Civil Procedure 25(a)(1). The court noted the notice did not have a proof of service, and required Defendants to properly served the notice pursuant to Rule 25(a)(3). On March 23, 2010, Defendants filed the certificate of service indicating the notice had been served.[1]

        In the event of a party's death, if "the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. Proc. 25(a)(1). In order to do so, a

---

[1] The suggestion of death was served by mail to Plaintiff's last know address on March 9, 2010. The suggestion of death was also personally served on Diane Allen, at Plaintiff's last known address, on March 22, 2010. The death certificate provided by Defendants identifies Diane Allen as Plaintiff's wife.

decedent's successor or representative must file a motion for substitution within 90 days after service of a statement noting the death of the party. See id. If no motion for substitution is made within the time provided, the court is required to dismiss the action. See id.

In this case, the suggestion of death was filed with the court on March 8, 2010. Service of the notice was completed on March 22, 2010. More than 90 days have passed, and no motion for substitution has been filed.

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to substitute the proper party, and all pending motion be denied as moot. See Fed. R. Civ. Proc. 25(a)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE